# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

KHALIHLA DWAN SHAW,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

        Defendants.

Case No. 3:16-cv-06026-TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff Khalihla Dwan Shaw has brought this matter for judicial review of the Commissioner's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds the Commissioner's decision to deny benefits should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On June 18, 2014, Ms. Shaw filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning November 1, 2007. Dkt. 14, Administrative Record (AR) 22. Both applications were denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which Ms. Shaw appeared and testified as did a vocational expert. AR 50-117. Also at the hearing, Ms. Shaw amended her alleged onset date of disability to

February 28, 2014, secondary to work activity. AR 22.

In a decision dated July 6, 2016, the ALJ found that Ms. Shaw could perform both her past relevant work and other work existing in significant numbers in the national economy, and therefore that she was not disabled. AR 22-38. Ms. Shaw's request for review of the ALJ's decision was denied by the Appeals Council on October 18, 2016, making it the Commissioner's final decision, which Ms. Shaw then appealed in a complaint filed with this Court on December 21, 2016. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Ms. Shaw seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in failing to provide specific and legitimate reasons for discounting the medical opinion evidence from Coral Hilby, M.D., and Myrna Palasi, M.D. For the reasons set forth below, however, the Court disagrees the ALJ erred as alleged, and therefore finds the decision to deny benefits should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

In regard to the medical opinion evidence in the record, Ms. Shaw contends that evidence is insufficient to support the ALJ's following findings:

> On March 16, 2015, [state agency] medical examiner Dr. Hilby opined the claimant was limited to sedentary work to severely limited. The opinion is

> given little weight because it is inconsistent with the clinical findings of
> treatment providers. Specifically, [Nathanial R. Schlichter, M.D.,] found she
> had no back tenderness, good range of motion in all major joints, no
> musculoskeletal tenderness, normal motor and sensory function, no focal
> neurologic deficits, and stable gait. ARNP [Vickie] Luttrell found she had
> normal gait, negative straight leg raise, and intact sensation, normal reflexes
> and full strength in the lower extremities. [James B. Lee, M.D.,] found she
> had no back tenderness, no bony tenderness, good range of motion in all
> major joints, normal motor and sensory function, and focal neurologic
> deficits.
>
> . . .
>
> On April 2, 2015, [the state agency] assigned contractor Myrna Palasi, MD,
> opined the claimant was limited to sedentary work. The opinion is given little
> weight because it was based on the assessment of Dr. Hilby, with is given
> little weight for the reasons indicated above.

AR 34 (internal citations omitted); *see also* AR 656, 790, 1289, 1292-93, 1366, 1398-1401, 1424-27, 1705-08, 1843.

Ms. Shaw argues the ALJ erred by picking and choosing only evidence in the record that supported his ultimate conclusion, while rejecting other evidence that was more favorable to Ms. Shaw. Specifically, Ms. Shaw faults the ALJ for relying on the clinical findings from Dr. Schlichter and Dr. Lee, because those medical sources only saw her during emergency room visits. Ms. Shaw further faults the ALJ for not pointing to clinical findings noted by ARNP Luttrell and other medical findings that actually support her claims.

The only contact Dr. Schlichter and Dr. Lee had with Ms. Shaw was during emergency room visits, yet their findings were essentially unremarkable. AR 656, 790, 1289, 1292-93, 1366, 1843. ARNP Luttrell did record some abnormal findings, but for the most part they too were fairly unremarkable. AR 1705-08. The bulk of the clinical findings in the record from other treatment providers were largely normal as well. AR 1222, 1305-06, 1321, 1481, 1636-37, 1642, 1646-47, 1653-54, 1658, 1741, 1745, 1763, 1778-79, 1791, 1802-03, 1831; *compare with* AR

1686. Accordingly, the ALJ's determination to give little weight to the opinion evidence from Dr. Hilby and Dr. Palasi is supported by substantial evidence and free of legal error. *Batson*, 359 F.3d at 1195 (an ALJ need not accept a medical opinion if that opinion is inadequately supported by clinical findings or by the record as a whole).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined Ms. Shaw to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 23rd day of June, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge